Good morning, Your Honors. Matt Campbell from the Federal Defenders of Eastern Washington in Idaho on behalf of Cavon Clark, and I'd like to try to reserve two minutes for a rebuttal. I'd like to turn the Court's attention to the first issue, whether the District Court erred in finding that Mr. Clark's prior state convictions qualified as predicates under 18 U.S.C. 2251e. The primary error committed by the District Court and repeated by the exploitation of children, end quote, before determining whether the state offense is constituted a match. Rules of statutory construction in the legislative history ultimately mandate that sexual exploitation of children refers to production of child pornography under 18 U.S.C. 2251. And because the District Court failed to properly apply the categorical approach, remand is necessary. So if 2251 were the generic crime, as you argue, it's still an issue of law. In other words, we don't have to send it back to the District Court for fact-finding. So tell us why, if 2251 is the generic crime, there isn't a categorical match. Yes, Your Honor. If 2251 is the generic offense... Meaning 2251a and b and c. Correct. Correct. The offense... So assume for purposes of your argument that they are the generic crime. Tell us why the Washington crime doesn't match them categorically. Yes, Your Honor. It's because the Washington offense, essentially if you break down the federal offense of the federal child pornography and the Washington child pornography, they both ultimately use the term sexually explicit conduct. However, they define sexually explicit conduct differently. And if we look under the definition, under the RCW 968011, the paragraphs E, F, and G specifically define sexually explicit conduct to include things such as showing the unclothed... Well, so your argument is that the Washington statutes cover a broader range of conduct than the federal one. Well, can I just back up a minute? Yes. Maybe I'm reading this wrong, but I thought that the convictions in Washington were for possession. Is that right? That is correct. And sexual exploitation of children in 2251a and b doesn't cover possession. Oh, that is correct, Your Honor. So why isn't that the reason? I mean, why are you making it more complicated than that? Well, I'm certainly not trying to. I think the court could clearly find that if 2251 is the statute, it doesn't apply. Well, I mean, you still have to deal with the relating to. But as to the core of what sexual exploitation of children is, it doesn't cover, it deals in production, not possession. I agree with that 100%, Your Honor. Perhaps I was skipping toward a potential application of the relating to language and saying even if the court wanted to use the relating to language to say that it may involve pornography offenses, that the use of 2251 would go beyond the conduct of 2251. Right. So the key question in the case is whether the use of the term relating to gets you from production of child pornography to simple possession. Correct. You don't contest in this case, I take it, that the single offense enhancement applies. Oh, no, we do. You do? Well, how do you get around the under — how do you get around the part of E that deals with child possession? Oh, I'm sorry, Your Honor. I was misunderstanding the court's question. Right. So there's two possible enhancements here, one the single offense and the other the two offenses. That is correct. You concede that the single offense enhancement applies. We are not contesting the single enhancement conviction in that sense. I agree. I apologize. But to get back to Judge Berzon's issue, I think that's correct, that the analysis would be, what does sexual exploitation of children mean? It is our position that it has to be read in pari materia with the rest of the statute, which requires that that phrase means — But you never said that in your brief as such. I did not understand you to be saying that. It was a little revelation to me to realize that this statute is called sexual exploitation of children. And that it seems pretty obvious that that's what they're talking about here. Agreed. But your brief was way more complicated than that. I'll try to be simpler next time, Your Honor. But clearly it is the title. We think it has to be read in pari materia. So then the only question is, what does relating to — how does that potentially expand the issue? Well, is it a bit of a clue to that, that in the single conviction part specifically does cover possession? So if they wanted to cover possession, they just could have covered possession, but they didn't? I think that's correct. And I think particularly in light of the fact that the single conviction enhancement was expanded in 2006 by the Adam Walsh Act. Well, it was changed. Well, it was changed, but I think it's abundantly clear from the legislative history that the intent of the Adam Walsh Act was to expand liability and not contract. So let's go back to your predicate. Your predicate is that 2251 is the generic offense. Correct. Why isn't the generic offense something not in federal statute? In other words, a generic offense doesn't have to be a federal statutory violation. If we said, for example, the generic offense is burglary, we wouldn't look to the federal statute to see how they define burglary. We'd look at the generally accepted definition of burglary. Why isn't possession of child pornography the sexual exploitation of children? Your Honor, I think there are several reasons. One we've already mentioned is that the term sexual exploitation of children is, in fact, the title of 2251. So in order to say that ---- But it's a title of the entire statute, which includes a number of offenses. Correct. But it doesn't include possession. It doesn't include receipt. It doesn't include ---- Well, it does include possession. It includes possession under E, doesn't it? No. What I'm saying is the title of the ---- If we read what is criminalized in 2251 ---- So your argument is that because the title of the statute, the statute has a title and the statute doesn't include within it mere possession, therefore sexual exploitation can't be understood as mere possession. That is one of our arguments. I think we could also look at the title of the entire chapter, which is sexual exploitation of children and other abuse. I may be slightly modifying that. There's also this structure where the difference between the two parts of E, right? Correct. That's the second portion is that we have the single predicate and multiple predicate, which are distinct and different. The single predicate was amended in 2006 as part of the Adam Walsh Act. All legislative history demonstrates that was an effort to more severely criminalize those punishments. So if the single predicate specifically delineates various qualifying predicates, that sexual exploitation of children must be read more narrowly than that. We remanded this Court, not me, but this Court remanded the first time with instructions to the district court to conduct the analysis in light of two cases. Yes. How do those two cases support you? Well, I think Malouly addressed the relating to. Right. And said the relating to is meant to be read broadly. It doesn't require a perfect categorical match. What we're looking for is something in the ballpark, if you will. So don't those cut the other way? Well, but Malouly also says we cannot stretch the relating to language to the breaking point. Right. So I agree, we need to find that proper. See, and what Malouly gives me problem is that as a matter of common sense, I think as Judge Baez said first time through in this, child pornography is the sexual exploitation of children. That's correct, Your Honor. And Malouly says come at this broadly. So tell me how I get around that. I think that, again, with the understanding that sexual exploitation of children, from our perspective, must be read more narrowly than the single predicate enhancement. The narrowing principle that I could perhaps identify would be that the relating to language would instruct the court or the parties to look to the list of Federal offenses that are covered as examples of what relates to essentially 2251. Is possession of child pornography a Federal offense? Yes. But it's not this Federal offense. It's not in this. See, that's why I'm walking around in circles with you to some extent. What you're saying is you have to look to Federal offenses. The Federal offense I think you have to look at is 2251. Correct. And I'm saying why not look more broadly since there are statutory offenses that include child pornography, possession of child pornography, and Malouly says look broadly. That's correct. But the way I would say Malouly could apply in this case would be that if sexual exploitation of children refers to 2251, then the question becomes what relates to 2251. You're right. If the generic offense is 2251, but I'm asking you if it's not. Why does it have to be? I think the answer is it has to be because, number one, that's the consistent use of the term sexual exploitation of children throughout the statute. That is a consistent reading with the title of Chapter 110, and it satisfies the proper reading of the amendment for the single predicate. I got your argument. Your argument is Sullivan got it wrong. No, Sullivan had nothing to do with this because it was the first one. Correct. I should say this Court got Sullivan wrong. Your Honor, well, I think this Court got Sullivan wrong, but that's not something that has to be resolved for purposes of this case because Sullivan addressed the single predicate enhancement and not the multiple predicate enhancement. So my position is that the single predicate enhancement and the multiple predicate enhancement must be interpreted differently. And Malouly and Sullivan are still relevant as purposes of the remand to the question of what relating to is. That is correct. They're not the answer to the question, but they're pertinent. That is correct. Obviously, the relating to issue will have to be hashed out, although I think there is a relatively simple interpretation. Just for my information, it begins this way. If such person has two or more prior convictions under this chapter, Chapter 71. What's in Chapter 71? I believe Chapter 71 is obscenity. Is what? I believe it's obscenity. What I'm wondering is to any of the other sections referenced include possession. Chapter 71, Chapter 109A or Chapter 117 or Chapter 920 of Title 10? Well, Your Honor, when it says under this chapter, this chapter is. I understand that, but it also says Chapter 71, Chapter 108A or Chapter 117 or 920, and it seems to me that it would make some sense for the State laws covered to be at least as broad as the Federal laws covered. So I'm trying to find out what's in the other Federal laws that are covered. Well, the first reference is under this chapter. That's Chapter 110. I know that. I want to know the rest of them. Chapter 71, I believe, is obscenity. Chapter 109A is the sexual abuse chapter. Chapter 117. Anyway, we would have to, if this premise was correct, we would have to look at those other statutes, too. I would agree. And then we would ask, is there a categorical match between the State offense and those offenses? And also, you mentioned in your brief that they added, in the Adam Walsh Act, they added 1591 to the first part. What's 1591? 1591 is sex trafficking of children. Okay. So what are your points is that sex trafficking of children isn't in the second point? That's correct. And that was relating to the idea that the first predicate must be read broader than the multiple predicates. And A and B don't include sex trafficking of children? Transporting any minor, affecting interstate or foreign commerce with the intent of such minor engagement, asexual, explicit, condescending, sex trafficking of children. I'm sorry, Your Honor. I wasn't sure. In other words, I understand that 1591 isn't in there, but doesn't 2251 itself include sex trafficking in children? I believe, Your Honor, I believe 1591 includes by fraud or coercion, which I think may be slightly different. Includes what? Fraud or coercion. All right. So it is, by all accounts, a different statute. It must say coercion. Well, anyway, all right. But you do think Sullivan was wrong when it said, unlike our usual categorical approach, the Federal statutes here do not require us to find that the State conviction is categorically the same as any particular Federal offense, but only that the State conviction is one categorically relating to such Federal offenses? Your Honor, I — Because your position is that it has to match a particular Federal offense, 2251A or B. My position is that based on the specific language of sexual exploitation of children, based on the legislative history — I know how you get to your — No, but — I know how you get to your position. I just want to understand what your — your position is that you — that in this case, you prevail because there isn't a categorical match for A or B. My position — my position is that while Sullivan may hold — I'm not looking for the reasoning of your position. Is that your bottom line? That there has to be a categorical match and there isn't one. And there has to be a categorical match for A or B. Isn't that your position? Or these other — or something in these other statutes that we haven't yet explored? You think the Federal generic crime is A or B? 2251A or B. Do you not? Yes. And therefore, your position is there has to be a categorical match for 2251A or B. Let me — let me finish. I just want to understand your position. Judge Berzon may have a better argument for you, but I want to understand your position. It's not an argument. It's a question. My position is that, yes, with an explanation, which is that sexual exploitation of children refers to A or B. Yes. I recognize that the relating to language could broaden that. So the question is why does it broaden it to? In other words, and why is this outside of it? What it broadens it to, I believe, would be the list of federal offenses that are included in that definition, that precede it. And then we need to say, is there a categorical match between those offenses? You're giving me nice reasoning, but the reasoning keeps running back to the only generic offense — of generic offenses you think are relevant here are A and B. Can you define another generic offense other than A or B to which you think a categorical match has to be made? I'm — I'm struggling with the way Your Honor is using the term generic offense. I understand your argument. I understand the reasoning in your argument. I'm looking for the federal generic — I'm looking for the generic crime. I think the generic crime of sexual exploitation of children is 2251A and B. Well, that can't be. It has to be statute — it has to be crimes relating to that. Well, my — perhaps a better way to look at it is what I'm saying. But the question — all right. Anyway, you're out of time. I'll give you a minute of rebuttal. Okay. Thank you very much. You've been very helpful. Good morning, Your Honors. I'm James Geetke on behalf of the United States. I'm from the Eastern District of Washington. May it please the Court and Counsel. I'd like to answer Judge Hurwitz's question directly. Child pornography absolutely is the sexual — is the sexual exploitation of children. That's the fruits of the exploitation. Well, do we just — I mean, why isn't — why don't we approach this as an ordinary statutory interpretation question, which doesn't necessarily mean that we just go into the sky before we look at the context in which this language is used in this statute. So the fact that somebody walking down the street might think that pornography is sexual exploitation of children, which — I mean, possessing — I mean, the notion that possessing it is sexual exploitation of children is not self-evident in the sense that it is the result of sexual exploitation of children. It might foster sexual exploitation of children, but it probably itself is not sexual exploitation of children. And if it wasn't for those — that phrase, relating to, I think that would be — But that's not where you started from. I mean, there are two problems here. The first problem is what is sexual exploitation of children. The second is how far it is relating to, then expand it. But you started it in the first place, and that's why I was asking you about the first place. All right? So starting with that, what is — why don't we determine what sexual exploitation of children is by, first of all, starting with a statute that tells you what sexual exploitation of children is? Well, I think sexual exploitation of children is the possession of child pornography. That is — I know you think that, but where are you getting it from? Well, Judge Bea is — Well, fine. Judge Bea is one person who wrote a dissent. And he cited a number of cases in there, and they're recited in the government's brief, that child pornography is part and parcel of the sexual exploitation of children. A number of cases have held that. But the people who wrote this statute didn't apparently think so. They wrote a statute, 2251, sexual exploitation of children. We have an assumption that people who wrote a statute were thinking of anything. Right. So this is fiction that we engage in. This is fiction we engage in from time to time. Right. And they then wrote what sexual exploitation of children is. And then — and you're saying, well, they were just stupid. They didn't realize that possession itself is also sexual exploitation of children. Well, I also think that the — because we're talking — just to be clear, we're focused on that prong in the second one, the second enhancement. Yes. That phrase, relating to sexual exploitation of children. I think the statute can also be read to say in the first prong, the first prong, if the first enhancement applies, they say relating to aggravated sexual abuse, and they list off a number of federal and state analog crimes. I think the statute can also be read to say relating to sexual exploitation of children in the second clause is a shorthand way of saying — Well, that would be a really odd way to write a statute. Because if — I mean, we know that that is — the statute originally read was sexual exploitation in both sentences, both phrases. And they rewrote the first one. They didn't rewrite the second one. They must have been doing something. I think they forgot to rewrite the second one, frankly. Well, so we're supposed to just say you guys made a big mistake? No, I don't think they made a big mistake, but I think that the way the statute is crafted to say relating to sexual exploitation of children under any laws of the State, this — let's go back to this RCW. Let me just ask you something. Mightn't it make some kind of sense to think that if you're going to up the minimum even more to an extremely high level that you want particularly bad guys? Yes. And this individual would certainly qualify as one of those people. Well, I agree. He's a particularly bad guy. But that doesn't answer the question. Well, is there an argument that the second clause, the two-conviction enhancement, is meant to be broader than the first one? I think there is. I think that's exactly what the mills said. So rather than list offenses, it said any offense relating to the sexual exploitation of children. And that is the analysis essentially that the Fourth Circuit performed in Mills, in the Mills case, said in the government's brief. They essentially say it is broader. That second prong is broader for these types of recidivism. If you only have one conviction, we're going to require it be for something specific that we've listed. If you've got two, anything that relates to the sexual exploitation of children will be sufficient. That's what gets back to that. I know Judge Berzahn doesn't want to jump to the relating question. I understand that because we've been so programmed to think of the categorical approach in terms of Taylor and the ACCA cases and the gun cases and the Johnson cases. Well, we've already said, and the Supreme Court has said, I take it, that when you say relating to, we don't look for a specific, we don't always look for a categorical match to a specific federal statute. But your colleague says quite correctly, it doesn't mean we just get to say what do we think. And so how do I conclude? I've read Judge Beyer's dissent, and it's quite good. But tell me why you think we should conclude that mere possession of child pornography is the sexual exploitation of children. As I said before, it sounds like it. Judge Berzahn says, well, it doesn't sound like it so much. So sounding like it may not be the way to get there. Tell me how we get there. With regard to the second prong, with regard to why does the, because it does relate, you can't take the relating out of the sexual exploitation clause. It says relating to the sexual exploitation of children. Child pornography is definitely the sexual exploitation of children because the fruits of that. Wait a minute. All right. You think it's definitely, I think it definitely is not, and might relate to it. Surely the production of child pornography is the sexual exploitation of children. Certainly it is. And what is? As this relates to the production, your argument goes because we've upheld these statutes time and again because they're designed to deter production. Yes, and child pornography relates to the sexual exploitation of children because child pornography is the fruits of production of child pornography. You get child pornography, it's begot from the production of child pornography, which is what this defendant did. Would possession of marijuana be a crime relating to the importation of marijuana? Yes. Absolutely. It seems a little backwards, doesn't it? I mean, in the sense that you're taking a more serious crime and you're saying this much less serious crime is covered because it relates to it? The only way I'm able to do that is because of that relating language. I'm sorry, what? The only way I'm able to do that is because the relating language can't be right out of this analysis. I'm not trying to read it out. I mean, for example, it seems to me that what it accomplishes is, and I think this is what Malouly says, is that it means that when you look at the definition of sexual exploitation, what I think is the definition of sexual exploitation of children in 2051, you don't need to cover every jot and tittle of that. So if, for example, the men's rail was somewhat different or some of the elements of how you were trafficking the children were different, that would be covered. But something at sort of a different level, an entirely different level in the hierarchy of evils here, and a lower one is now dragged in. That I'm dubious about, and I'm even more dubious about it given the fact that possession is specifically in the single conviction part and not in this part. I guess my response to that would be child pornography is a serious,  That is what the production of child pornography gets you. It gets you those images. That is where they come from. So by that definition, that is a serious offense relating to the sexual exploitation of children. And if it weren't, I think that the argument would be more difficult. Let me ask you a question. Does the federal statute have the same or anywhere near the same mandatory minimum for simple possession as in this statute? If certain recidivist clauses come into effect, they can get close to them. You can have a 10-year or you can have a five-year mandatory minimum. The answer is no. My question is no. No, not at the beginning. No, they do not. To be frank, neither does the RCW. The RCW, the state sentence, the state conviction for which this defendant served state time, he didn't serve very much time on those. Right. But this is the issue with regard to why this sentence is only so severe because of those recidivist clauses. I mean, this court asked Judge Segal or directed Judge Segal to do it. Well, I understand that, but we need to know what's in the recidivist clause. And I think because of that language in there relating to sexual exploitation of children, the possession of child pornography, a conviction for that offense relates to the sexual exploitation of children. It is part and parcel of the sexual exploitation of children. Okay. I understand you're saying that. And I think the Fourth Circuit says that as well. The Fourth Circuit in Mills says that as well. And this Court's instructions – never seems to notice, maybe they weren't told, that this statute itself is the federal statute about sexual exploitation of children. I mean, they just don't – it says that Section 2251 doesn't provide a definition for sexual exploitation, but it seems to me it does. Judge Berzon is telling you that she disagrees with the Fourth Circuit. I mean, I'd like to know why the Fourth – why we should follow the Fourth Circuit, which did not deal with this – the structure of the statute. It just went entirely outside the statute and said, we think this is what sexual exploitation means. My response to that – I guess we're kind of talking in circles. My response to that would be because child pornography is part and parcel of all of these crimes. It is part and parcel of the sexual exploitation of children of these cases over and over and over again. The practical cases before this Court, the evidence before this Court establishes it again and again and again. In the production of child pornography cases, what are they producing? They're producing child pornography. In many of the assaulted cases, they are producing child pornography. In many of the travel cases, they travel to produce child pornography. Child pornography intertwines all of those titles cited in 2251e. It is part and parcel of sex trafficking cases time and time again. Can you answer the question that Judge Berzon asked before, because I'm not sure I know the answer to it? The other chapters that are listed, is there a possession offense in those other chapters? Oh, there absolutely is. When they say this chapter, this chapter being 110, that's where the possession offense is. Right. But what about the – I know that. But what I don't know because I haven't looked is what the other chapters relate to. The other chapters relate to – I know they relate to some of the – Relate is the wrong word. What do they deal with? I think relate is the perfect word, Your Honor. I can't tell the difference between relate and involving, but that's a separate issue. If you don't know, I can look it up later. That's fine. I don't know off the top of my head. Ask him what the other two chapters deal with. With regard to Chapter 71. I can flip through it and tell you. No, and I can flip through it, too. If you can't answer it off the top of your head, no big deal. I think Mr. Campbell is right. I think some of them relate to obscenity. And just by way of example, 71 relates to obscenity. 110 is the statute we're dealing with now that relates to the – that includes the production statutes, the possession statutes, the receipt statutes. 117 – 117 looks like to be use of communication. But in your view, it doesn't matter what these chapters relate to in light of the phrase that follows. Exactly, Your Honor, because it's a broadening phrase. As this Court found in Sullivan. The question then is how do we cabin this? How do we – what's the outer limit? Is it just language, which is I think what you're saying? Just sort of the common parlance or the common understanding? I think it is, and that's what this Court did in Sullivan. That's what this Court did in Cenarius. It's a common understanding. This is a defendant who has two prior convictions on two different days, nine months apart, for possession. He actually had one conviction for two things that happened two months apart, nine months apart. Well, he has two convictions. He has two convictions on the same day. Well, he had two counts in one piece of paper. He had two counts in one piece of paper. But this Court, by the cases the government decided ad nauseum in its brief, this Court has always found two separate convictions on the same day. If they're a separate criminal act, those are two different convictions for the purposes of recidivism statutes. I want to go back to this for a second. It's the previous clause, two or more convictions under this chapter. There's a whole bunch of Federal laws. We agree he doesn't have convictions under those Federal laws. Right. Are the offenses for which he was convicted categorical matches for any of those Federal laws? They are categorical matches under the Sullivan analysis when you get to use the words relating to it. I guess that's my different interpretation of this statute, which say you could have been charged in Federal court with these crimes and convicted. But you weren't. You were charged in State court. And because we're reading sexual exploitation, depending on how we read sexual exploitation, it would mean that you could have committed a generic Federal offense listed in this first group, but it wouldn't be eligible for the enhancement because you weren't actually convicted in Federal court. I guess you could look at it that way. My question is why isn't the generic crime here one of those? This phrase suggests that those are crimes relating to the sexual exploitation of children. But it does have that modified under the laws of any State relating to the sexual exploitation. Right. I understand. But my question is why doesn't that mean one way we can determine whether a crime under the law of any State relates to the sexual exploitation of children is to look at the Federal crimes listed in that first phrase for which you would get the enhancement? I think that is a proper way to look at it. Okay. So then my question is for both of you, isn't simple possession of child pornography a Federal crime under those statutes? Absolutely. Okay. Absolutely. It absolutely is. Okay. Your time is up. Thank you. Thank you, Your Honor. I'll give you one minute, really just one minute. So don't come up and say you're going to say three things because you're not. I'd like to address what Judge Hurwitz just asked. If we use that analysis, the State offense is overbroad and indivisible, so it doesn't provide a categorical match to even Federal possession. But then you have the relating to problem. Then we have the related to language. Well, but as I understood Judge Hurwitz' question, the relating to would be the language that we use to then pull in the other Federal statutes. And if we do that, we still need a categorical match. Malooly still says we need a categorical match to something. It may categorically relate, but we still have to use the categorical approach. It doesn't jettison it. And the definition of – We just don't need a perfect match is what it says. We don't necessarily need a perfect match to a Federal statute, but we need to categorically look at it. And if we categorically look at the State statute, it is overbroad and indivisible when compared to Federal possession. That's what I understood the court's question. If you took the whole list of Federal statutes that are in this phrase, would the Washington statute be overbroad? Yes, because sexually explicit conduct is overbroad under Washington law as opposed to Federal sexually explicit conduct. Well, but then you might get to the relating to point. That was my question. Then don't you get to relating to? But what I understood the court to say is if we define sexual exploitation of children as essentially production of child pornography, we use the relating to language to then encompass the Federal offenses that are listed. That's the use of the relating to. It encompasses the Federal offenses. So it relates to those Federal offenses. Okay. Thank you very much. This was a very useful argument in a case that's more complicated than they first appeared. So thank you both. The case of United States v. Clark is submitted, and we will go to Reynolds v. State of Washington.
judges: Berzon, Hurwitz, Dearie